IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| JETEX MANAGEMENT SERVICES, INC. | ) | |
| and JETEX EXPRESS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff, Federal Express Corporation ("FedEx" or "Plaintiff") and for its complaint

against Defendants, JetEx Management Services, Inc. and JetEx Express, Inc. ("Defendants"),

states as follows:

### **Nature of the Action**

1.   This case is about Defendants' willful infringement of FedEx's trademarks.

Defendants have infringed by using the JetEx Logo depicted below.  The JetEx Logo infringes

FedEx's trademark, and specifically the FedEx Logo also depicted below:





In addition, Defendants have adopted an infringing slogan, "Keeping the World on Time," which infringes FedEx's federally registered trademark, "The World on Time," a further indication of Defendants' intentional and willful infringement.

**Parties**

2.   FedEx is a corporation organized under the laws of the State of Delaware with its principal place of business in Memphis, Tennessee. FedEx provides customers in the United States and throughout the world with a wide range of transportation delivery services by land, air and sea. It owns the trademarks that are the subject of this action.

3.   Defendant JetEx Management Services, Inc., a New York corporation formed on August 6, 2012, and Defendant JetEx Express, Inc., a New York corporation formed on October 6, 2011, have common ownership and the same principal place of business in Jamaica, New

York. Defendants are operated as a single entity and enterprise, and they are individually and jointly responsible for all conduct alleged in this complaint. Defendants are involved in providing transportation, delivery, and shipping services, which are similar to and which compete with FedEx's services.

## Jurisdiction and Venue

4.   Defendants transact and are doing business within New York and in this judicial district.

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338, as a civil action arising under the Lanham Act, 15 U.S.C. §1114 and §1125 et seq. This Court also has supplemental jurisdiction under 28 U.S.C. §1367(a).

6.   This Court has personal jurisdiction over all Defendants because they transact business and are doing business in Jamaica, New York and in this judicial district.

7.   Venue is proper in this district under 28 U.S.C. §§1391(b) and 1391(c) because the events giving rise to the claims arose in this judicial district and because personal jurisdiction exists over Defendants in this judicial district.

## General Allegations

8.   FedEx owns numerous federal trademark registrations for trademarks that incorporate various forms of the FedEx Logo. The FedEx Logo is among the most well-known trademarks in the world, and FedEx has protected its interests by registering its FedEx Logo as a trademark in the United States and elsewhere throughout the world.  A list of the United States trademark registrations owned by FedEx that incorporate some form of the FedEx Logo is attached as Exhibit A.  FedEx also owns common law trademark rights in the FedEx Logo in the United

States and elsewhere around the world. The FedEx Logo is often depicted in distinct color combinations, including purple and orange, with an upper case "F" and an uppercase "E." There is also an arrow device imbedded into the negative or white space between the "E" and the "x" of the "Ex" portion of the logo. FedEx's rights in its logo trademarks are referred to as the "FedEx Logo Trademark" or the "FedEx Logo."

9.    Defendants also adopted and are using in United States commerce the slogan "Keeping the World on Time" (the "JetEx Slogan") as a trademark. The JetEx Slogan imitates and infringes FedEx's "The World on Time" trademark, a trademark that is federally registered, Registration No. 1909467, and that has been in widespread use for over 15 years. Defendants' adoption and use of the JetEx Slogan is not coincidental. The JetEx Slogan is identical to FedEx's trademark adding only the word "Keeping." FedEx's rights in its slogan trademark are referred to as the "FedEx Slogan Trademark" or the "FedEx Slogan."

10. The FedEx Logo Trademark and FedEx Slogan Trademark are valid and existing, and they acquired fame and distinctiveness well before any use by Defendants of their JetEx Logo and JetEx Slogan relevant to this action.

11. The FedEx Logo Trademark and FedEx Slogan Trademark are inherently distinctive, as demonstrated in part by the granting of the federal trademark registrations.

12. FedEx has extensively used, advertised and promoted the FedEx Logo Trademark and FedEx Slogan Trademark throughout the United States and in foreign countries in connection with its goods and services.

13. As a result of FedEx's use, advertisement, and promotion of the FedEx Logo Trademark and FedEx Slogan Trademark, the trademarks have become highly distinctive and have become well and favorably known throughout the United States and foreign countries as

identifying FedEx's goods and services. As a result, FedEx Logo and FedEx Slogan have acquired fame. FedEx has developed valuable goodwill in the FedEx Logo Trademark and FedEx Slogan Trademark.

14. The JetEx Logo is strikingly similar in appearance to the FedEx Logo.  It is depicted in red and blue or in other color combinations that are similar to color combinations used in the FedEx Logo. The JetEx Logo uses a font that is similar to the FedEx Logo. The "J" and the "E" in the JetEx Logo are upper case letters. The JetEx Logo also has an arrow device imbedded into the negative or white space between the "E" and the "x" of the "Ex" portion of the logo. The JetEx Slogan is almost identical to the FedEx Slogan. The JetEx Slogan differs from the FedEx Slogan only in the addition of the word "Keeping."

15. Well after FedEx began using the FedEx Logo Trademark and FedEx Slogan Trademark and after the FedEx Logo and FedEx Slogan had acquired fame, Defendants began to use the JetEx Logo and JetEx Slogan, trademarks, and designations and in doing so began to infringe, dilute and unfairly compete with FedEx and its FedEx Logo Trademark and FedEx Slogan Trademark.

16. In addition, FedEx brought its FedEx Logo Trademark and FedEx Slogan Trademark, their prior use and ownership of the trademark, and the fame of the FedEx Logo and FedEx Slogan to the attention of Defendants and asked that they cease and desist from their infringing and diluting conduct and unfair competition.

17.  Despite these requests, Defendants have not ceased their conduct as described above. Defendants acted willfully and with knowledge of the FedEx Logo Trademark and FedEx Slogan Trademark and the valuable goodwill and business reputation associated with those trademarks, and with intent to confuse, mislead and deceive the public into believing their goods and services

came from FedEx or that they were in some manner or associated with or endorsed by FedEx. In so doing, Defendants have unfairly competed with FedEx and diluted and profited from its use of the FedEx Logo Trademark and FedEx Slogan Trademark.

18. Defendants' conduct is likely to lead members of the relevant public and trade to believe that their goods and services are provided by or in association with or under the supervision or sponsorship of FedEx. As such, a likelihood of confusion exists between FedEx's legitimate and prior use of its FedEx Logo and FedEx Slogan, and the unauthorized and subsequent use by Defendants of the JetEx Logo and JetEx Slogan.

19. On information and belief, Defendants deliberately and willfully used the JetEx Logo and JetEx Slogan designations and variations to trade on the reputation and goodwill FedEx has established in its FedEx Logo and FedEx Slogan.

20. Defendants' use of the designations will likely dilute the distinctiveness of, or otherwise tarnish or diminish the FedEx Logo Trademark and FedEx Slogan Trademark and will likely injure the business reputation of FedEx.

## COUNT I

### (Federal Statutory Trademark Infringement)

21. FedEx repeats and realleges the allegations of paragraphs 1-20 of its complaint as if fully set forth here.

22. Defendants' actions and conduct alleged above constitute infringement of a federally registered trademark in violation of 15 U.S.C. §§ 1114, et seq., and have caused irreparable harm, damage and injury to FedEx.

## COUNT II

### (Federal Unfair Competition)

23. FedEx repeats and realleges the allegations of paragraphs 1-22 of its complaint as if fully set forth here.

24. Defendants' actions and conduct alleged above constitute use in commerce of a word, term, name, or device and false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with FedEx or as to the origin, sponsorship, or approval of Defendants' goods and services in violation of 15 U.S.C. §1125(a) and have caused irreparable harm, damage and injury to FedEx.

## COUNT III

### (Federal Trademark Dilution)

25. FedEx repeats and realleges the allegations of paragraphs 1-24 of its complaint as if fully set forth here.

26. The FedEx Logo Trademark and FedEx Slogan Trademark are widely recognized by the general consuming public of the United States as a designation of the source of goods and services of FedEx, and its trademark is famous.

27. Defendants' actions and conduct alleged above constitute use in commerce of a word, term, name, or device that is likely to dilute the distinctive quality of FedEx's famous trademark and famous logo in violation of 15 U.S.C. § 1125(c) and have caused actual dilution, irreparable harm, damage and injury to FedEx.

## COUNT IV

### (New York Trademark Dilution)

### (Common Law Trademark Infringement)

28. FedEx repeats and realleges the allegations of paragraphs 1-27 of its complaint as if fully set forth here.

29. Defendants' actions and conduct alleged above constitute dilution of FedEx's statutory and common law trademark rights and rights to its trade name in violation of New York G.B.L. § 360(l) and common law and have caused irreparable harm, damage and injury to FedEx.

## COUNT V

### (Deceptive Acts)

30. FedEx repeats and realleges the allegations of paragraphs 1-29 of its complaint as if fully set forth here.

31. Defendants' actions and conduct alleged above constitute deceptive acts in violation of New York G.B.L. § 349 and have caused irreparable harm, damage and injury to FedEx.

## COUNT VI

### (Common Law Trademark Infringement)

32. FedEx repeats and realleges the allegations of paragraphs 1-31 of its complaint as if fully set forth here.

33. Defendants' actions and conduct alleged above constitute infringement of FedEx's statutory and common law trademark rights and rights to its trade name in violation of the laws of the State of New York and common law and have caused irreparable harm, damage and injury to FedEx.

## COUNT VII

### (Common Law Unfair Competition)

34. FedEx repeats and realleges the allegations of paragraphs 1-33 of its complaint as if fully set forth here.

35. Defendants' actions and conduct alleged above constitute unfair competition under the laws of the State of New York and common law and have caused irreparable harm, damage and injury to FedEx.

WHEREFORE, Plaintiff, Federal Express Corporation, requests that judgment be entered in its favor and against Defendants, JetEx Management Services, Inc. and JetEx Express, Inc., as follows:

1.     That Defendants and their agents, employees, licensees, affiliates, any parent and subsidiary corporations, attorneys, and representatives and all those in privity with or acting under their direction and/or pursuant to their control, be preliminary and permanently enjoined and restrained from directly or indirectly:

       (a)     Using the trademark or designation JetEx, the JetEx Logo and the JetEx Slogan or any variation;

       (b)     Performing any acts that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that FedEx is associated with Defendants, their goods, or services;

       (c)     Using the FedEx Logo Trademark or FedEx Slogan Trademark or other service marks, trademarks, or trade names owned by FedEx or engaging in any other conduct that creates a likelihood of injury to the business reputation of FedEx or a likelihood of misappropriation and dilution of FedEx's distinctive trademarks and goodwill associated with FedEx's distinctive trademarks; and

       (d)     engaging in any acts or activities directly or indirectly calculated to trade upon the FedEx Logo, FedEx Slogan or FedEx's other trademarks, names, logos, reputation or goodwill.

       2.     That Defendants be required to pay to FedEx compensatory damages according to proof for the injury sustained by FedEx, which sum should be trebled under 15 U.S.C. §1117, as well as exemplary damages based upon their intentional and willful conduct.

       3.     That Defendants be required to account to FedEx for any and all gains, profits, and advantages derived by it from the activities complained of in this complaint.

       4.     That Defendants be required to pay to FedEx the cost of this action, together with its reasonable attorney's fees and interest.

       5.     That FedEx be granted such other and further relief as this Court deems just or equitable.

## JURY DEMAND

FedEx demands a trial by jury on all issues triable of right by a jury which are raised for

determination.

Respectfully submitted,


Dated:  August 6, 2013                     BAKER & McKENZIE LLP


By:*/s John A. Basinger*
John A. Basinger
452 Fifth Avenue
New York, New York 10018
(212) 626-4100
john.basinger@bakermckenzie.com

and

John C. Filosa, Illinois Bar No. 6187981
Pro Hac Vice
300 East Randolph Street, Suite 5000
Chicago, Illinois  60601
(312) 861-6580
john.filosa@bakermckenzie.com