FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FEDERAL EXPRESS CORPORATION,

                Plaintiff,

-against-

JETEX MANAGEMENT SERVICES, INC.
and JETEX EXPRESS INC.,

                Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-cv-4431 (CBA) (RER)

**AMON, Chief United States District Judge.**

On August 6, 2013, Federal Express Corporation ("FedEx") filed this action against defendants JetEx Management Services, Inc. and JetEx Express Inc. alleging that defendants used a logo and slogan that infringed FedEx's trademarks. In the complaint, FedEx asserted claims for trademark infringement, unfair competition, and trademark dilution in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c); trademark infringement and unfair competition in violation of New York State common law; deceptive acts in violation of New York General Business Law § 349; and trademark dilution in violation of New York General Business Law § 360-l. Defendants did not respond to the complaint and on October 11, 2013, at the request of FedEx, the Clerk of Court entered default. (D.E. # 12.) On October 21, 2013, FedEx moved for a default judgment, requesting (1) a permanent injunction enjoining defendants from infringing on FedEx's trademarks; (2) that defendants be required to file with the Court and serve on FedEx, within thirty days from the date of entry of final judgment, a report under oath detailing the manner in which they have complied with all terms of the permanent injunction; and (3) damages, attorney's fees and costs in the amount of $5,000. (Proposed Order of Judgment, D.E. # 13-1.)

1

The Court referred the matter to Magistrate Judge Ramon E. Reyes, Jr. for report and recommendation. On May 8, 2014, Magistrate Judge Reyes issued a Report and Recommendation ("R&R") recommending that the Court (1) enter judgment against defendants; (2) grant FedEx the requested injunction against future trademark infringements by defendants; (3) require defendants to file with the Court and serve on FedEx a report under oath detailing the manner in which they have complied with the terms of the permanent injunction; and (4) award FedEx $5,000, consisting of $4,174.99 in attorney's fees and $825.01 in costs.

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Reyes's R&R as the opinion of the Court.[1]

---

[1] Although the R&R's discussion of trademark infringement does not separately address FedEx's claim of trademark infringement under New York common law, (see R&R at 4-5), the Court does not find this to be an error because "the standards for trademark infringement . . . under New York common law are essentially the same as under the Lanham Act." Coach, Inc. v. Horizon Trading USA Inc., 908 F. Supp. 2d 426, 435 (S.D.N.Y. 2012) (internal quotation marks and citation omitted). Accordingly, the R&R's finding that FedEx established its trademark infringement claim is appropriate under both federal and state law.

Moreover, with respect to FedEx's claim of trademark dilution, the Court notes that, although not explicitly discussed in the R&R, 15 U.S.C. § 1125(c)(2)(B) specifies six non-exhaustive factors for courts to consider when determining whether there is dilution by blurring. Nonetheless, the Court finds no error in the R&R's determination that FedEx's allegations establish trademark dilution under federal law. The R&R considered several of the specified factors, (see R&R at 6-7), and, as noted by the Second Circuit, a court "need not consider all six statutory factors listed . . . nor are [courts] limited to those six factors." Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 736 F.3d 198, 207 (2d Cir. 2013).

Accordingly, the Court permanently enjoins defendants JetEx Management Services, Inc. and JetEx Express, Inc., their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies, and all persons acting for, with, by, through or under them having notice of this Order, from:

(1) using in any manner the JetEx logo or the slogan "Keeping the World on Time," and any other logo, trademark, designation, image, phrase, slogan or term likely to cause confusion with the FedEx Logo Trademark or the trademark "The World on Time" on any goods or services, or in connection with the advertising or promotion of their goods or services;

(2) using in any manner the JetEx logo or the slogan "Keeping the World on Time" in connection with the defendants' goods or services; and

(3) otherwise engaging in any other acts or conduct which could cause consumers to erroneously believe that defendants' goods or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with plaintiff.

Defendants shall file with the Court and serve on FedEx, within **thirty (30) days** from the date of entry of final judgment, a report in writing and under oath detailing the manner in which they have complied with all terms of the permanent injunction. Moreover, the Court awards FedEx $4,174.99 in attorney's fees and $825.01 in costs. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

Dated: September 12, 2014
Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge